IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONY POARCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-00712 |
| ) | |
| RUTHERFORD COUNTY ADULT ) | JUDGE CAMPBELL |
| DETENTION CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Tony Poarch, currently confined at the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed this pro se civil rights action under 42 U.S.C. § 1983 against the Rutherford County Adult Detention Center and Correctional Officer ("CO") M. Jones. Plaintiff also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2.)

**I.    Application to Proceed as a Pauper**

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's in forma pauperis application (Doc. No. 2) that he lacks sufficient financial resources from which to pay the full filing fee in advance, Plaintiff's application (Doc. No. 2) will be granted. Plaintiff nonetheless remains responsible for paying the $350.00 filing fee, so the fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

**II.    Initial Review**

Under the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court must also construe pro se filings liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a pro se plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Plaintiff alleges that, around June 9, 2018, CO Jones saw Plaintiff exercising in his cell at the Rutherford County Adult Detention Center ("RCADC") and remarked that Plaintiff must be popular in the pod, while smiling. (Doc. No. 1 at 5.) On June 16, 2018, Plaintiff alleges, CO Jones looked into his cell while Plaintiff was urinating. (Id.) According to Plaintiff, CO Jones then entered the cell as Plaintiff was pulling his pants up. (Id.) Plaintiff turned away, and Jones asked what Plaintiff was hiding. (Id.) Plaintiff said he was trying to avoid flashing Jones. (Id.) Jones accused Plaintiff of hiding something in his pants, and ordered Plaintiff to drop them. (Id.) Plaintiff complied and quickly pulled his pants back up, but Jones ordered Plaintiff to leave his pants down. (Id.) According to Plaintiff, Jones reached for or grabbed Plaintiff's genitals, made an inappropriate comment, and "giggled." (Id.; Doc. No. 5 at 1.) Plaintiff "jumped back," said he did not appreciate Jones's behavior, and started to leave the cell. (Doc. No. 1 at 5.) Jones ordered Plaintiff to stop and told him not to report the encounter, then left the cell. (Id.)

### B. Standard of Review

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court

2

therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### C. Discussion

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736 (6th Cir. 2015)).

#### 1. Dismissal of RCADC and Official-Capacity Claim against CO Jones

Plaintiff names the Rutherford County Adult Detention Center as a defendant, but the RCADC is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that prison facilities are inappropriate defendants under Section 1983). Construing the complaint liberally, however, the Court may consider Plaintiff's reference to RCADC as an attempt to name Rutherford County as a defendant. Moreover, Plaintiff checked a box on the complaint form reflecting that he brings this action against CO Jones in his official capacity. (Doc. No. 1 at 4.) CO Jones appears to be an employee of Rutherford County, and "[o]fficial-capacity suits . . . generally represent only another way of pleading an action against

3

an entity of which an officer is an agent." *Hopper v. Plummer*, 887 F.3d 744, 760 n.4 (6th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). Thus, Plaintiff's official-capacity claim against CO Jones is essentially a claim against Rutherford County as well.

Nonetheless, Plaintiff fails to state a claim against Rutherford County. A governmental body can be liable under Section 1983 only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). To state a claim against the county, Plaintiff must allege that his "constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation." *Miller v. Sanilac Cty.*, 606 F.3d 240, 255–56 (6th Cir. 2010) (quoting *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 606–07 (6th Cir. 2007)). Here, Plaintiff fails to allege that any constitutional deprivation was the result of a policy or custom of Rutherford County, and so Rutherford County will be dismissed.

### 2. Individual-Capacity Claim against CO Jones

Plaintiff also brings an individual-capacity claim against CO Jones, alleging that Jones saw him urinating in his cell on June 16, 2018, ordered Plaintiff to drop his pants, and stated that Plaintiff was hiding something. Jones then allegedly reached for or grabbed Plaintiff's genitals and made an inappropriate comment. Plaintiff rejected Jones's behavior.

Although Plaintiff does not state whether he is a pretrial detainee or a convicted prisoner, the Court takes judicial notice that Plaintiff is a convicted prisoner.[1] The Eighth Amendment

---

[1] Plaintiff's current prisoner identification number is listed on his notice of change in address. (Doc. No. 4 at 1.) A search of the Tennessee Felony Offender Information database using Plaintiff's name and this prisoner identification number reflects that an individual with the same name and prisoner identification number is a convicted inmate at the Bledsoe County Correctional Complex, Plaintiff's current place of confinement. *See Tennessee Felony Offender Information*, https://apps.tn.gov/foil/ (last visited Sept. 28, 2018).

protects post-conviction inmates from "cruel and unusual punishment," and "sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." *Jackson v. Madery*, 158 F. App'x 656, 661–62 (6th Cir. 2005) (quoting *Boddie v. Schneider*, 105 F.3d 857, 860–61 (2d Cir. 1997)) (abrogated on other grounds). A prisoner's Eighth Amendment claim has an objective and subjective component. *Cordell v. McKinney*, 759 F.3d 573, 580–81 (6th Cir. 2014). In this context, the subjective component requires the Court to consider whether a prison official applied force "in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm." *Tuttle v. Carroll Cty. Det. Ctr.*, 500 F. App'x 480, 481–82 (6th Cir. 2012) (citing *Williams*, 631 F.3d at 383) (applying standard to prisoner's Eighth Amendment claim based on allegation that correctional officer "grabbed [his] privates and squeezed them really hard" during a pat down).

For the objective component, a plaintiff must demonstrate that a prison official inflicted pain that was "sufficiently serious" based on "contemporary standards of decency." *Cordell*, 759 F.3d at 580 (internal citations omitted). In considering this requirement, the Court is mindful that "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 580–81 (citing *Wilkins*, 559 U.S. at 37). Nonetheless, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Id.* at 581 (quoting *Hudson*, 503 U.S. at 9).

Taking Plaintiff's allegations as true, as required at this juncture, the Court concludes that the complaint states an Eighth Amendment claim against CO Jones. It is true that "[m]inor,

isolated incidents of touching, even if coupled with offensive sexual remarks, do not rise to the level of an Eighth Amendment violation." *Solomon v. Mich. Dep't of Corrs.*, 478 F. App'x 318, 320 (6th Cir. 2012) (citing *Boddie*, 105 F.3d at 859–61). Based on the allegations before the Court, however, the Court cannot determine whether this was an instance of "minor touching," or something greater. Plaintiff alleges in the complaint that CO Jones "reached for [his] genitals," (Doc. No. 1 at 5), but characterizes the encounter differently in a subsequently-filed notice—there, he alleges that CO Jones "grab[bed]" his "private" (Doc. No. 5 at 1). Grabbing is an action more likely to cause pain than "reach[ing] for" or touching. *See Perkins v. Jacobson*, No. 2:11-CV-271, 2013 WL 3776303, at *1 (W.D. Mich. July 17, 2013) ("[W]hile a brief touching of the penis or buttocks might properly be considered a 'minor' incident within the Eighth Amendment context, the Court is not convinced that the grabbing of an inmate's penis is necessarily a similarly 'minor' incident."). Moreover, the alleged incident occurred outside the context of a routine search, during which correctional officers may be more likely to apply force "in a good-faith effort to maintain or restore discipline." *See Soloman*, 478 F. App'x at 320–21 (affirming dismissal of a prisoner's Eighth Amendment claims based on "two brief incidents of physical contact during pat-down searches, coupled with sexually offensive remarks"). Thus, the Court will not dismiss Plaintiff's Eighth Amendment claim against CO Jones in his individual capacity at this stage.

**III. Conclusion**

For these reasons, Plaintiff's Eighth Amendment claim against CO Jones regarding the alleged incident on June 16, 2018, will be referred to the Magistrate Judge for further proceedings in accordance with the accompanying Order. All other claims and defendants will be dismissed.

WILLIAM L. CAMPBELL, JR
UNITED STATES DISTRICT JUDGE