IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TONY POARCH              )
                              )
     v.               )      NO. 3:18-0712
                              )
RUTHERFORD COUNTY ADULT  )
DETENTION CENTER, et al.     )

**TO:**    **Honorable William. L. Campbell, Jr., District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered October 1, 2018 (Docket Entry No. 7), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Tony Poarch ("Plaintiff"), an inmate of the Tennessee Department of Correction currently confined at the Bledsoe County Correctional Facility, filed this lawsuit *pro se* and *in forma pauperis* on August 1, 2018. At the time the complaint was filed, he was confined at the Rutherford County, Tennessee Detention Center ("Detention Center"). Plaintiff seeks damages under 42 U.S.C. § 1983 based on allegations that a correctional officer at the Detention Center violated his Eighth Amendment rights. *See* Complaint (Docket Entry No. 1).

Upon the initial screening of the complaint under 28 U.S.C. § 1915(e)(2) and 1915A, the Court found that Plaintiff alleged an arguable claim against the correctional officer in his individual capacity and directed the Clerk to send Plaintiff a service packet for the defendant. *See* Docket Entry No. 7. Plaintiff was ordered to complete the service packet and return it to the Clerk's Office within thirty (30) days of entry of the Court's Order and was forewarned by the Court that his failure to timely return a completed service packet could jeopardize his prosecution of the action. *Id.* The docket reflects that the service packet was sent to Plaintiff by the Clerk's Office on October 1, 2018.

Plaintiff did not return a completed service packet to the Clerk's Office. Instead, he filed a motion for an extension of time to file a motion for leave to amend his complaint, asserting that he

needed additional time to secure legal representation and to properly draft his complaint. *See* Docket Entry No. 8. By Order entered November 28, 2018 (Docket Entry No. 9), the Court denied the motion because it was not signed by either Plaintiff or an attorney who had entered an appearance on behalf of Plaintiff. After noting that Plaintiff had apparently identified the defendant, who had been only partially identified in the original complaint, Plaintiff was directed to return a completed service packet for the defendant to the Clerk's Office within thirty (30) days of entry of the Order. The docket reflects that Plaintiff has neither returned a completed service packet nor filed an amended complaint.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return a completed service packet for the defendant evidences his disregard of the Court's directives and has prevented process from being issued in this lawsuit. Because the defendant has not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

## RECOMMENDATION

For the reasons set out above, the undersigned respectfully RECOMMENDS this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.[1]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Responses to objections must be filed within fourteen (14) dayas of service of the objections. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.